IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY R. WIEDENBECK and RHONDA
L. WIEDENBECK, on behalf of
themselves and all others who are similarly
situated,

                          Plaintiffs,                      OPINION AND ORDER

    v.

                                                12-cv-508-wmc

CINERGY HEALTH, INC., AMERICAN
MEDICAL AND LIFE INSURANCE
COMPANY, and NATIONAL CONGRESS
OF EMPLOYERS, INC.,

                          Defendants.

---

In this action, plaintiffs Harry R. and Rhonda L. Wiedenbeck allege that defendants Cinergy Health, Inc., American Medical and Life Insurance Company ("AMLI") and National Congress of Employers, Inc. ("NCE") (1) used false and misleading "infomercials" to market what seemed to be major medical coverage not excluding pre-existing conditions; and (2) acted in bad faith in denying coverage for certain health care claims. The complaint and proposed amended complaint purport to bring both causes of action as class action claims. For the proposed fraud class action, plaintiffs propose to represent a class of "[a]ll Wisconsin residents who purchased an American Medical insurance policy marketed by Cinergy" during the proposed class period of March 1, 2009, to the present. (Compl. (dkt. #1) ¶¶ 29, 31.)

Before the court may consider the parties' pending motions, the court must first determine whether it has subject matter jurisdiction over this action pursuant to the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  While defendants have not challenged this court's jurisdiction on that basis, the court has an independent obligation to insure jurisdiction exists.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) (explaining that because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("[I]t is always a federal court's responsibility to ensure it has jurisdiction.").  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

Under CAFA, this court has jurisdiction over the present action if (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (2) "the matter in controversy exceeds $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or more. 28 U.S.C. § 1332(d)(2), (5).  As for the first requirement, the complaint pleads complete diversity, which more than satisfies the "minimal diversity" requirement under CAFA. Plaintiffs Harry and Rhonda Wiedenbeck are citizens of the State of Wisconsin and purport to represent a class of Wisconsin citizens.  Defendant Cinergy is a "foreign" corporation, which this court understands to mean is incorporated in a state other than Wisconsin, with its principle place of business in Sunrise, Florida.  Defendant AMLI is a "foreign" insurance company with its principle place of business in New York, New York.

And, defendant NCE is a foreign corporation with its principle place of business in Garden City, New York.[1]

The complaint also alleges that "there are hundreds, possibly thousands of putative Class Members." (Compl. (dkt. #1) ¶ 33.) This assertion appears largely speculative (since actual reliance on the infomercial is likely to be a subset of policy holders), the class certification briefing, however, reveals 2,706 policies sold in Wisconsin. Taking plaintiffs' allegation on their face -- that defendants universally misrepresented the nature of the insurance coverage through a television advertisement and standard telephone call script -- the court finds these allegations sufficient to establish a proposed class consisting of more than 100 individuals.[2]

The only remaining jurisdictional issue, therefore, is whether plaintiffs have adequately alleged the amount in controversy. In the complaint, plaintiffs allege that "the amount in controversy for the Class exceeds $5,000,000" (Compl. (dkt. #1) ¶ 7), without explanation. This allegation is inadequate. Without more reasoning, the court is not in a position to determine whether it is "legally impossible" for plaintiffs to recover the amount sought. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes

---

[1] Since plaintiffs will be required to bolster its jurisdictional pleadings, they should also plead the actual state of incorporation, rather than that each defendant is "a foreign corporation."

[2] As pled, the discretionary and mandatory exceptions to jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(3), (4), do not apply because none of the defendants are citizens of the State of Wisconsin.

exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (internal citation omitted)).[3]

The complaint seeks actual damages, punitive damages, attorneys' fees and injunctive relief, all of which may be considered in determining the amount in controversy. *See generally* 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 2.7 (9th ed. 2012) (describing categories to be considered in determining whether jurisdiction amount in controversy is satisfied). Still, plaintiffs' allegation that the amount exceeds $5,000,000 and the identification of categories of relief are not enough for the court to determine whether the jurisdictional amount actually is met. Accordingly, the court will require plaintiffs to submit a jurisdictional brief with any accompanying materials demonstrating by a preponderance of the evidence that the jurisdictional amount is met.

ORDER

IT IS ORDERED that:

1) Plaintiffs Harry R. Wiedenbeck and Rhonda L. Wiedenbeck shall file a jurisdictional brief pleading the actual state of incorporation of each defendant and explaining why and how the jurisdictional amount under CAFA is satisfied no later than July 8, 2013; and

---

[3] For example, plaintiffs might point the court to individual or class actions involving recoveries from these or similar defendants for fraudulent advertising that would support such a large recover. This is in contrast to the recoveries currently plead in the complaint involving imposition of fines under state statutes similar to Wis. Stat. § 100.18.

4

2) Defendants may file a response brief within seven days of service, exclusive of weekends and federal holidays.

Entered this 24th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge